THE WESTON PAPER & MANUFACTURING CO., APPELLEE, *v.* TINCHER ET AL.; CITY OF ST. MARYS, APPELLANT.

(No. 182—Decided July 5, 1957.)

*Messrs. Armstrong & Martin* and *Messrs. Turner, Wells & Curson,* for appellee.

*Mr. Edward S. Noble* and *Mr. A. A. Klipfel,* for appellant.

MIDDLETON, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court in favor of the plaintiff, appellee herein, in an action brought by it to quiet the title to land located in the city of St. Marys, Ohio.

To plaintiff's petition the city of St. Marys, the only party appealing, filed an answer and cross-petition. By its answer, the city denies the averments of the petition and, by way of

cross-petition, avers that within the land claimed by the plaintiff are certain public alleyways, streets and thoroughfares which have been used as such public alleyways, streets and thoroughfares in excess of 21 years and that such use by the public over the land has been open, notorious and adverse to the rights of plaintiff.

Upon trial had, the court found for the plaintiff and caused judgment to be entered quieting the title of the plaintiff in the premises described in the petition, against any interest therein of the city of St. Marys as set forth in its cross-petition. From this judgment, appeal is prosecuted to this court.

The appellant assigns as error:

1. That the court erred in its finding in favor of the appellee in regards quieting title to the street known as Harter Street and the streets and alleys connecting said street with streets and alleys to the north.

2. That the court erred in its finding in favor of the appellee in regards quieting title to the street known as Jacob Street and the streets and alleys connecting said street with Harter Street to the north.

3. That the judgment of the court is contrary to law.

4. That the judgment of the court is against the weight of the evidence.

The issues, as stated by the appellant in its brief, are:

1. Does the instant record show a common-law dedication of any or all of the streets and alleys claimed by the appellant city?

2. Does the instant record show a technical estoppel against the appellee company in favor of any or all of the streets and alleys claimed by the appellant city?

It is contended by the appellant that a common-law dedication is shown by the record; that the evidence shows the appellant and its predecessors have through the years consistently treated the land as contemplating the existence of the public ways and alleys, as averred by the city; that over a long period of time lots have been conveyed which conform to a plan of streets and alleys, as contended by the city; and that these acts of the appellant and its predecessors show the existence of a definite plan to dedicate these streets and alleys to the public use.

The appellant cites some 18 or more specific acts concerning the title and occupancy of the area in question, which they insist definitely establish the dedication of public ways as asserted by the city; and that these acts, together with the evidence of acts by the city in the repair of streets, street signs, and the taking care of drainage and sewer needs supply the proof of intention, offer and acceptance necessary to support the claim of common-law dedication.

"In order to constitute or effect a dedication of property to a public use at common law, except in those cases where the dedication is based upon estoppel, three elements * * * are necessary, namely: the existence of an intention on the part of the owner to make such dedication; an actual offer on the part of the owner, evidenced by some unequivocal act to make such dedication; and the acceptance of such offer by or on behalf of the public." 17 Ohio Jurisprudence (2d), 22, Dedication, Section 22.

"* * * It must appear that it was the intention of the proprietor to yield up to the public every private right in and growing out of the interest dedicated, leaving no right in the dedicator except such as he enjoys in common with the public, or as an abutting owner. Moreover, in order to accomplish a dedication, the intention must be to make the dedication presently effective; an intention to make a dedication at some future time is not sufficient. The intention to which the courts give heed, however, is not an intention hidden in the mind of the landowner, but the intention manifested by his acts.

"* * * It is, however, well established that the requisite intention to make a dedication of property to a public use, at common law, must be shown by clear and unequivocal acts or declarations of the owner, except, of course, in those cases in which the dedication is claimed to result from the application of the rules of estoppel." 17 Ohio Jurisprudence (2d), 23, Dedication, Section 23.

An intention to make a dedication may be either express or implied, but in either case the evidence showing an intention to so dedicate must be clear and unequivocal.

A careful reading of the bill of exceptions fails to disclose evidence of sufficient probative value to support the requisite requirements to effect a common-law dedication.

All existing maps of the city and county, except a proposed sewer map, show the streets and alleys terminating at the boundary of the property in question, except Pine Street and Beech Street. It is true that persons used various paths across plaintiff's property, both in vehicles and on foot, and that this use was acquiesced in by the plaintiff. The land has always been unenclosed and such use by the public was not adverse in any way to the use by the plaintiff, the owner of the fee. While the use by the public was not objected to by the plaintiff, there was no reason for it to object to such use by the public as it in no way interferred with the ownership, possession or use of the property by the plaintiff or its predecessors in title. The evidence does not disclose any exercise of dominion over the property claimed as streets and alleys by either the city or the public. The proposed sewer map does not support such a claim. On the contrary, the city, in obtaining from the plaintiff a right of way for a sewer, in an alley intersecting Harter and Jacob Streets, which the city claims to be a dedicated alley and dedicated streets, acknowledges in the agreement plaintiff's title to the property through which the proposed sewer was to be constructed. If these streets and the alley where the sewer was to be located were public thoroughfares there was no reason or necessity to obtain a right of way over the property.

It would serve no good purpose to here analyze and restate the evidence and the deductions to be drawn therefrom as it would extend this opinion beyond all reasonable bounds.

Without further comment on the evidence, which the defendant city asserts proves a common-law dedication, the court is of the opinion that the evidence falls far short of proof of unequivocal acts, either express or implied, which are required to show an intent to dedicate, an offer to so dedicate, and an acceptance of such offer by the city, and that the record does not show a common-law dedication of any of the streets and alleys claimed by the city.

The appellant also asserts its claim to such streets and alleys in dispute is maintained by the operation of a technical estoppel. In support of this claim the appellant relies on the same evidence relied upon in support of the claim of common-law dedication.

We find nothing in the record which precludes the plaintiff from asserting ownership of the property in question. We do not find that the plaintiff or its predecessors in title have by their acts induced the public to use the claimed streets and alleys or to rely upon the belief that such property as used was a public way. In the opinion of the court the record fails to show an estoppel against plaintiff, the appellee herein.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

YOUNGER and GUERNSEY, JJ., concur.